**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1461

CHARLENE CONNORS,

Petitioner, Appellant,

v.

JOSEPH FITZPATRICK, et al.,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Barron, Selya, and Lipez,
Circuit Judges.

Elizabeth R. Dembitzer, with whom Committee for Public Counsel Services was on brief, for appellant.
Ryan E. Ferch, Assistant Attorney General of Massachusetts, with whom Maura Healey, Attorney General of Massachusetts, was on brief, for appellees.

November 15, 2017

**Per Curiam**.  After careful consideration of the oral arguments of counsel, the record, and the briefs, we affirm on de novo review the district court's decision to deny habeas corpus relief for substantially the same reasons stated by the district court.  See 28 U.S.C. § 2254(d).

1. Sufficiency of the Evidence

Charlene Connors contends that the Commonwealth did not provide sufficient evidence to the jury to establish her "specific intent to gain some undue advantage . . . by an act or acts which [s]he took knowing them to be wrongful and in violation of an affirmative duty."  Massachusetts state courts apply an insufficiency of evidence standard substantially identical to the standard promulgated by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979).  See Linton v. Saba, 812 F.3d 112, 120 (1st Cir. 2016) ("[T]he evidence offered by the Commonwealth, together with reasonable inferences therefrom, when viewed in its light most favorable to the Commonwealth, was sufficient to persuade a rational jury beyond a reasonable doubt of the existence of every element of the crime charged." (quoting Commonwealth v. Linton, 924 N.E.2d 722, 733 (Mass. 2010))).  Applying that standard, a rational jury could have found beyond a reasonable doubt that Connors knowingly participated in the embezzlement. Hence, we agree with the district court that Connors has "not demonstrated that the decision reached by the jury and affirmed by

- 2 -

the appellate court contradicted clearly established Supreme Court case law.  Therefore, she is not entitled to habeas relief on her insufficiency of evidence claim."  Connors v. Massachusetts Parole Bd., 2016 WL 1642925, at *3 (D. Mass. Apr. 25, 2016).

2. Jury Instructions

Habeas corpus relief for claims of improper jury instructions under state law is only available when the improper instruction "by itself so infected the entire trial that the resulting conviction violates due process."  Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).  Although inartful at times, the judge's jury instructions explaining the term "fiduciary" in the embezzlement statute, taken in context, did not reach the level of taint required by Estelle.  Those instructions did not strip the jury of its ability to determine an element of the crime nor did they direct the jury toward a verdict for the Commonwealth.  Thus we agree with the district court that Connors has not demonstrated that the decision of the state court contradicts clearly established federal law as interpreted by the Supreme Court, and she is not entitled to habeas relief on the jury instruction issue.

Affirmed.  See 1st Cir. R. 27.0(c).